HAMITER, Justice
(dissenting).
The majority opinion herein apparently recognizes that in the absence of LSA-R.S. 37:1431 et seq. no duty would be owed to this plaintiff by the defendant real estate agency and, hence, no action ex delicto could arise in his favor, for failure of the agency to do an act which it was not legally bound to perform. (Of course, the agency owed a duty to its principal, the owner; but he is not here complaining of the alleged wrongful act.) However, to *546 sustain the conclusion of'the'majority reliance is placed on the mentioned statutory provisions, particularly the language of Section 1447 (this section requires the furnishing of bond by a real estate agent and provides for suit thereon) which states that "Anyone who is injured or damaged by the agent or broker by any wrongful act done in the furtherance of such business * * * may sue for the recovery of the damage * *
Unquestionably, the legislation invoked was enacted in the interest and for the protection of the public. But thereby the Legislature, in my opinion, intended only ta protect those members of the general public to whom the agent or broker owed a duty either pursuant to a contract or by operation of law. No language is contained herein indicating -an intention to impose new or additional duties on real estate agents or to create relationships between them and other parties not theretofore in effect. Accordingly, I think that the statutory provisions relied on, particularly the one reciting that anyone injured by any wrongful act may sue for the recovery of damages, merely contemplated a damage suit by an injured person against the surety on the required bond for the breach of a legal duty owed by the agent to him and created through contract or by existing laws.
Since the instant real, estate agency did not owe. any duty to this plaintiff, • and hence no action ex delicto arose in the latter’s favor, I am of the opinion that the district court correctly sustained the exception of no cause of action and tha.t its judgment should be affirmed.
I respectfully dissent.